IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02401-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT L. GULLION,

        Defendant.

---

## ORDER TO SHOW CAUSE

---

**THIS MATTER** comes before the Court on the Government's Motion to Enforce Final Enforcement Order and Judgment **(#9)**. Defendant Robert L. Gullion did not file a response.

The Government initiated this action in November 2008 seeking to enforce an IRS Summons. The Court issued an Order to Show Cause ordering Defendant Mr. Gullion to appear at a Show Cause hearing. Mr. Gillion appeared at the January 13, 2009 hearing at which the Court found that the Government had met its *prima facie* burden of demonstrating its entitlement to the documents requested, and Mr. Gillion had not demonstrated any deficiency. *See United States v. Silvestain*, 668 F.2d 1161, 1163 (10th Cir. 1982) (quoting *U.S. v. Powell*, 379 U.S. 48 (1964)). Thus, there being no good cause why Mr. Gillion should not be required to comply with the summons, the Court entered a Final Enforcement Order **(#5)** on January 13, 2009 ordering Mr. Gillion to comply with the IRS Summons no later than February 27, 2009. Pursuant to the Court's oral order at the hearing, the Government personally served Mr. Gillion

with a copy of the Final Enforcement Order and a letter detailing which documents were still needed on January 16, 2009.[1]

The Government now represents that Mr. Gillion has failed to comply with the Final Enforcement Order. Thus, it moves for issuance of an Order to Show Cause as to why civil contempt proceedings should not be initiated.[2] *See United States v. Gonzales*, 531 F.3d 1198, 1201 (10th Cir. 2008) (stating that when a taxpayer refuses to comply with a final enforcement order, a district court has authority to initiate civil contempt proceedings by issuing an order to show cause). Having reviewed the motion and the Final Enforcement Order, the Court concludes that an Order to Show Cause is warranted. Accordingly, it is **ORDERED** that

(1) The Government's Motion to Enforce Final Enforcement Order and Judgment **(#9)** is **GRANTED IN PART** insofar as it seeks entry of an order to show cause as to why Mr. Gillion should not be held in contempt for failing to comply with the Final Enforcement Order and **DENIED WITHOUT PREJUDICE IN PART** insofar as it seeks a finding of civil contempt.

---

[1] Although the Court's mailing of the Final Enforcement Order was returned as undeliverable, Mr. Gillion has notice of the Order as he was present at the Show Cause hearing and the Government personally served Mr. Gillion with a copy of the Order.

[2] The Government's motion also requests that the Court find Mr. Gillion in civil contempt if he does not show good cause or comply with the Final Enforcement Order. To this extent, however, the motion is premature as Mr. Gillion has not been afforded the opportunity to show cause.

(2)   Defendant Robert L. Gillion shall **SHOW CAUSE** in writing on or before March 1, 2010, why he should not be held in civil contempt for his failure to comply with this Court's Final Enforcement Order **(#5)**.

Dated this 16th day of February, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge